**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DAVID WEED, #97833**                                                                          **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 3:12-cv-545-CWR-FKB**

**CHRISTOPHER EPPS**                                                                **RESPONDENT**

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Weed filed his *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 31, 2012. The Court entered an Order [3] on August 6, 2012, directing Petitioner to file a completed *in forma pauperis* application or pay the required $5.00 filing fee on or before August 27, 2012. Petitioner was warned in the Order [3] that failure to timely comply with any Order of the Court may lead to the dismissal of his Petition. On August 14, 2012, the postal service returned the envelope [4] containing the Order with the notation "return to sender - refused - unable to forward." Petitioner did not comply with this Order.

Since Petitioner is proceeding *pro se*, he was provided with one final opportunity to comply with the Court's Order. On September 12, 2012, the Court entered an Order [5] directing Petitioner to show cause, on or before September 27, 2012, why this case should not be dismissed for his failure to comply with the Court's Order [3] of August 6, 2012. Petitioner was warned in the Show Cause Order [5] that failure to timely comply with the Order would result in the dismissal of his Petition without further notice. On September 17, 2012, the postal service returned the envelope [6] containing the Order to Show Cause with the notation "return to sender - not deliverable as addressed - unable to forward." Petitioner did not comply with this Order.

Petitioner has not kept the Court apprised of his current address, he has failed to comply with two Court Orders, and he has not contacted the Court since he filed this action on July 31, 2012. This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[1] As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile. The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action, for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper. *See Martinez,* 104 F.3d at 773; *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12, 2003)(affirming dismissal based on habeas petitioner's failure to pay the filing fee); *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir.

---

[1] *See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Jan. 8, 2009)(affirming dismissal for inmate's failure to comply with a court order). Since the Respondent has not been called upon to respond to the Petition, and has not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 19th day of October, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE